UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>GARDA CL SOUTHEAST, INC. D/B/A GARDA WORLD<br><br>Defendants. | Civil Action No. 24-cv-01145<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## NATURE OF ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Mr. Richard Kauffmann. As alleged with greater particularity below, Defendant Garda CL Southeast, Inc., d/b/a Garda World (hereinafter "Garda"), discriminated against Mr. Kauffmann by failing to accommodate Mr. Kauffmann's disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a),

1

which incorporates by reference Section 706(f)(1) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper because the employment practices alleged to be unlawful were committed in Orlando, Florida, which is within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## **PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Garda a foreign corporation, registered to do business in Florida, has continuously done business in Florida, and at all relevant times, employed at least 15 employees.

5. At all relevant times, Garda has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Garda has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## CONDITIONS PRECEDENT

7. More than thirty days prior to the institution of this lawsuit, Mr. Kauffmann filed a Charge of Discrimination (the "Charge") with the EEOC alleging that Garda discriminated against him on the basis of his disability in violation of the ADA.

8. On May 18, 2023, the EEOC issued to Garda a Letter of Determination finding reasonable cause to believe that Garda discriminated against Mr. Kauffmann by failing to provide a reasonable accommodation in violation of the ADA, and inviting Garda to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief to Mr. Kauffmann.

9. Thereafter, the EEOC engaged in conciliation efforts with Garda.

10. On August 8, 2023, the EEOC issued to Garda a Notice of Failure of Conciliation advising Garda that the EEOC was unable to secure from Garda a conciliation agreement acceptable to the EEOC.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12. Respondent is a multinational, cash logistics corporation employing over 100,000 employees.

13. Mr. Kauffmann is 58 years old and has been Deaf since birth.

14. Being Deaf impacts Mr. Kauffmann's major life activities, including but

not limited to hearing and speaking.

15. Mr. Kauffmann can read and write English, and can articulate some words in English; however, Mr. Kauffmann's primary language and most effective means of communication is American Sign Language ("ASL").

16. In 1990, Mr. Kauffmann started working as a teller in CS Bank. Over the years, other banks operated the location where Mr. Kauffmann worked.

17. In 2014, Garda assumed operations and became Mr. Kauffmann's employer, replacing Bank of America as Mr. Kauffmann's employer.

18. While Mr. Kauffman worked for Bank of America, Bank of America routinely provided him with a live ASL interpreter as a reasonable accommodation.

19. Mr. Kauffmann's former supervisor at Bank of America informed Garda that Mr. Kauffman is Deaf and that he would at times need an ASL interpreter.

20. On multiple occasions, Mr. Kauffman requested Garda provide him with an ASL interpreter as a reasonable accommodation.

21. For example, Mr. Kauffman requested Garda provide him with an ASL interpreter for large end of year or quarterly meetings.

22. Mr. Kauffman also requested Garda provide him with an ASL interpreter for meetings with his supervisor.

23. Garda never provided a reasonable accommodation to Mr. Kauffmann's disability.

24. As a result, Mr. Kauffmann has been damaged.

## **STATEMENT OF CLAIMS**

### Count 1 – Failure to Accommodate

25. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26. Since at least 2014, Garda has engaged in unlawful employment practices, in violation of Section 102(b)(5) of Title I of the ADA, 42 U.S.C. 12112(b)(5).

27. Mr. Kauffmann is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Mr. Kauffmann is Deaf, which substantially limits major life activities, namely, hearing and speaking.

28. Mr. Kauffmann requested a reasonable accommodation for an ASL interpreter, Garda knew Mr. Kauffmann is Deaf and that he cannot hear or speak, yet Garda failed to provide Mr. Kauffmann a reasonable accommodation.

29. The effect of the practices complained of in paragraphs 17 through 24 above has been to deprive Mr. Kauffmann of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

30. The unlawful employment practices complained of in paragraphs 17 through 24 above were and are intentional.

31. The unlawful employment practices complained of in paragraphs 17 through 24 above were and are done with malice or with reckless indifference to the federally protected rights of Mr. Kauffmann.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

32. Grant a permanent injunction enjoining Defendant, its officers, parent(s), successors, assigns, agents, managers, employees and all persons in active concert or participation with it, from engaging in employment practices that discriminate against qualified individuals on the basis of disability;

33. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

34. Order Defendant to make Mr. Kauffmann whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful employment practices complained of herein, in amounts to be determined at trial, and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices;

35. Order Defendants to make Mr. Kauffmann whole by providing compensation for past, present, and future non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

36. Order Defendant to make Mr. Kauffmann whole by providing appropriate back pay with pre-judgment interest and lost benefits, in amounts to be

determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

37. Order Defendants to pay Mr. Kauffmann punitive damages for engaging in intentional discrimination with malice or with reckless indifference, in amounts to be determined at trial;

38. Grant such other further relief as the Court deems necessary and proper in the public interest; and

39. Award the EEOC its costs in this action.

## JURY TRIAL DEMANDED

The EEOC requests a jury trial on all questions of fact raised by this Complaint.

Date: June 21, 2024                    Respectfully submitted,

                                                           U.S. EQUAL EMPLOYMENT
                                                           OPPORTUNITY COMMISSION

                                                           KARLA GILBRIDE
                                                          General Counsel
                                                           CHRISTOPHER LAGE
                                                           Deputy General Counsel
                                                           GWENDOLYN YOUNG REAMS
                                                           Associate General Counsel
                                                           U.S. EQUAL EMPLOYMENT
                                                           OPPORTUNITY COMMISSION
                                                           131 M Street, N.E.
                                                           Washington, DC 20507

                                                           KRISTEN FOSLID
                                                           Regional Attorney
                                                           Florida Bar No. 0688681
                                                           U.S. EQUAL EMPLOYMENT
                                                           OPPORTUNITY COMMISSION

100 SE 2nd Street, STE 1500
Miami, FL
Tel: 786-648-5835
Fax: 305-808-1835
Email: kristen.foslid@eeoc.gov

/s Beatriz Biscardi André
BEATRIZ BISCARDI ANDRÉ
Assistant Regional Attorney
New York Bar No. 4394599
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
100 SE 2nd Street, STE 1500
Miami, FL
Tel: 786-648-5806
Fax: 305-808-1835
Email: beatriz.andre@eeoc.gov